NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TODD OUELLETTE,

        Plaintiff-Appellant,

v.

VIACOM INTERNATIONAL, INC.; et al.,

        Defendants-Appellees.

No. 12-35426

D.C. No. 9:10-cv-00133-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Todd Ouellette appeals pro se from the district court's judgment dismissing

his action under the Digital Millennium Copyright Act arising from Viacom's

alleged misrepresentation that Ouellette infringed its copyrighted materials. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 12(c), *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999), and we affirm.

The district court properly dismissed Ouellette's action because Ouellette failed to allege facts sufficient to state a claim for relief under 17 U.S.C. § 512(f). *See Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004-05 (9th Cir. 2004) (liability for improper infringement notifications under § 512(f) requires "a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner"); *Fajardo*, 179 F.3d at 699 ("A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."); *see also Carlson v. Reed*, 249 F.3d 876, 878 n.1 (9th Cir. 2001) (rejecting as frivolous plaintiff's contention that the court improperly granted a Rule 12(c) motion before defendant completed responses to interrogatories).

The district court did not abuse its discretion by dismissing Ouellette's second amended complaint without further leave to amend after concluding that Ouellette received ample notice of the pleading requirements for his claim and an opportunity to amend his pleading. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting "when a district

2                                                                                    12-35426

court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)). We reject as unsupported by the record Ouellette's contention that the district court was required to do more to help him state a claim.

**AFFIRMED.**